IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHAWN THOMAS, | ) | |
| | ) | Case No. 05 C 3307 |
| Petitioner, | ) | |
| | ) | Judge Virginia M. Kendall |
| v. | ) | |
| | ) | |
| GREGORY SIMS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

Marshawn Thomas has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 wherein he asserts that he is entitled to immediate release under the Illinois Rules and Regulations for Early Release, 730 ILCS 5/3-6-3. Petitioner charges that his continued confinement violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. Because this Court finds that the Illinois Department of Corrections ("IDOC") correctly calculated Petitioner's good conduct credit, he is not entitled to immediate release and his petition is denied.

**Factual and Procedural Background**

On January 21, 1999, Petitioner Marshawn Thomas pled guilty to armed robbery, home invasion and aggravated kidnapping for ransom. He was sentenced concurrently to 12 years in the IDOC.

The Illinois Rules and Regulations for Early Release allow Petitioner to earn good conduct credit while imprisoned, credit which results in him being released before the full term of his sentence. 730 ILCS 5/3-6-3. Pursuant to those rules and regulations, the IDOC calculated Petitioner's potential good conduct credit and projected his early release date on his armed robbery

and home invasion sentences as October 15, 2004. As to Petitioner's aggravated kidnapping sentence, the IDOC determined that it was subject to a decreased rate of good conduct credit, making his projected release date December 27, 2008.

In a letter to the record office at the Taylorville Correctional Center dated October 25, 2004, Petitioner challenged the IDOC's application of the decreased rate of good conduct credit to his aggravated kidnapping sentence. The IDOC refused to alter their calculation of his sentence. While this much is certain, the parties' briefs present different accounts of the judicial remedies that Petitioner pursued thereafter. On one side, the State's brief mentions only that Petitioner filed a mandamus complaint in the Cook County Circuit Court; a complaint that challenged the calculation of his sentencing credits, but on grounds different than those raised in his instant petition. On the other side are Petitioner's exhibits that show, in addition to his mandamus complaint, on January 11, 2005, the Illinois Supreme Court acknowledged receipt of a petition for writ of habeas corpus asserting the same issue and argument raised today. On March 21, 2005, the Illinois Supreme Court denied the same petition without explanation. On June 3, 2005, Petitioner filed his instant writ of habeas corpus with this Court.

## ANALYSIS

Before reaching the merits of Petitioner's claim, this Court must resolve first the State's contentions that (1) Petitioner's claim is not cognizable under § 2254 because it does not allege a violation of the laws, treaties or Constitution of the United States and (2) Petitioner is barred procedurally from bringing his claim in federal court because he failed to exhaust his state remedies. On these issues: first, a wrongful deprivation of good conduct credits can constitute a due process violation and, if so, a writ for habeas corpus would be the proper procedure to remedy the violation;

and second, because of the disputed procedural history of Petitioner's claim, this Court elects under § 2254(b)(2) to bypass the exhaustion inquiry and instead deny his claim on the merits. Petitioner's claim fails on the merits because the Illinois Rules and Regulations for Early Release expressly limit the accumulation of good conduct credits on an aggravated kidnapping sentence to the decreased rate of 4.5 days per month of imprisonment.

I.      **An alleged wrongful deprivation of good conduct credits is cognizable under § 2254.**

A claim for relief in a petition for writ of habeas corpus under § 2254 must seek to vindicate a right protected under the laws, treaties or Constitution of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475 (1991). It is not the role of a federal court to review state court decisions on state law issues. *Id.* at 67-68. Here, Petitioner alleges that the State of Illinois wrongfully deprived him of good conduct credits on his aggravated kidnapping sentence. Although on first impression this alleged deprivation sounds like a state law question, "if the government creates a right to good-time credits – that is, a firm expectation that if the prisoner complies with specified conditions he will automatically earn the credits and be released earlier – a deprivation of that right is a deprivation of liberty." *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983), citing *Hewitt v. Helms*, 459 U.S. 460, 470-71, 103 S. Ct. 864, 871 (1983).

The Illinois Rules and Regulations for Early Release provide that a prisoner "*shall* receive one day of good conduct credit for each day of his or her imprisonment" and "[e]ach day of good conduct credit *shall* reduce by one day the prisoner's period of imprisonment." 730 ILCS 5/3-6-3(a)(2.1). This Court finds that the quoted language creates a firm expectation of good conduct credits such that the improper denial of a prisoner's right to those credits and early release would

3

violate the Due Process Clause. Moreover, a habeas corpus petition is the proper procedural tool to challenge administrative decisions on good conduct credits. *Jackson*, 707 F.2d at 946.

## II. Exhaustion of State Remedies and Procedural Default

A federal court generally can consider a petition for habeas corpus under § 2254 only after the petitioner has exhausted all available state remedies. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001). In so exhausting, the petitioner must have presented fairly his federal claims and those claims must have been resolved on the merits during the state proceedings, so as not to be procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S. Ct. 1728 (1999); *Mahaffey v. Schomig*, 294 F.3d 907, 914-15 (7th Cir. 2002). If a petitioner fails to satisfy either of these requirements, the petition is barred. *Mahaffey*, 294 F.3d at 914-15.

Alternatively, section 2254(b)(2) permits this Court to deny a petition for a writ of habeas corpus on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies. Given the uncertain procedural record presented to this Court and the lack of merit to the claim Petitioner raises in his current petition, this Court chooses not to wade into the quagmire of exhaustion and procedural default and will proceed directly to the merits.

## III. The Illinois Rules and Regulations for Early Release

The Illinois Rules and Regulations for Early Release allow a prisoner to accumulate good conduct credits while serving his or her term of imprisonment. 730 ILCS 5/3-6-3. For each good conduct credit earned, the prisoner's period of imprisonment is reduced one day. 730 ILCS 5/3-6-3(a)(2.1). Petitioner argues that the IDOC calculated incorrectly his good conduct credits under these rules and, consequently, the date he is eligible for early release. Specifically, Petitioner claims that the IDOC wrongly applied a decreased rate of good conduct credit accumulation to his sentence

4

for aggravated kidnapping. The applicable sections of the Illinois Rules and Regulations for Early Release state in pertinent part:

> (a)(2) The rules and regulations on early release shall provide:
>
> (ii) that a prisoner serving a sentence for attempt to commit first degree murder, solicitation of murder, solicitation of murder for hire, intentional homicide of an unborn child, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, *aggravated kidnapping*, aggravated battery with a firearm, heinous battery, being an armed habitual criminal, aggravated battery of a senior citizen, or aggravated battery of a child shall receive no more than 4.5 days of good conduct credit for each month of his or her sentence of imprisonment;
>
> (iii) that a prisoner serving a sentence for *home invasion*, *armed robbery*, aggravated vehicular hijacking, aggravated discharge of a firearm, or armed violence with a category I weapon or category II weapon, *when the court has made and entered a finding, pursuant to subsection (c-1) of Section 5-4-1 of this Code [730 ILCS 5/5-4-1], that the conduct leading to conviction for the enumerated offense resulted in great bodily harm to a victim*, shall receive no more than 4.5 days of good conduct credit for each month of his or her sentence of imprisonment; and
>
> (2.1) For all offenses, other than those enumerated in subdivision (a)(2)(i), (ii), or (iii) . . . the rules and regulations shall provide that a prisoner who is serving a term of imprisonment shall receive one day of good conduct credit for each day of his or her sentence of imprisonment. . . . Each day of good conduct credit shall reduce by one day the prisoner's period of imprisonment.

730 ILCS 5/3-6-3 (emphasis added). As the statute reflects, the number of days of good conduct credit that a prisoner may receive depends on the crime for which he was convicted. The base level in subdivision (a)(2.1) provides that a prisoner shall receive one day of good conduct credit for each day of his or her sentence of imprisonment – so-called "day for day" good conduct credit. Excluded

5

from subdivision (a)(2.1) are those offenses enumerated in subdivisions (a)(2)(i), (ii), and (iii).[1] Petitioner's offenses of home invasion and armed robbery are listed in subdivision (a)(2)(iii) and aggravated kidnapping is listed in subdivision (a)(2)(ii).

Referenced in subdivision (a)(2)(iii) and the source of Petitioner's argument against any reduced rate of good conduct credit is the language from a separate Illinois statute that governs sentencing:

> (c-1) In imposing a sentence for the offense of *aggravated kidnapping for ransom*, *home invasion*, *armed robbery*, aggravated vehicular hijacking, aggravated discharge of a firearm, or armed violence with a category I weapon or category II weapon, the trial judge shall make a finding as to whether the conduct leading to conviction for the offense resulted in great bodily harm to a victim, and shall enter that finding and the basis for that finding in the record.

730 ILCS 5/5-4-1(c-1) (emphasis added). All three offenses to which Petitioner pled guilty are listed in subdivision (c-1), including aggravated kidnapping. And both parties agree that the trial judge did not enter a finding that the offenses for which Petitioner pled guilty resulted in great bodily harm to a victim. The ultimate question is thus: under the Illinois Rules and Regulations for Early Release, does the reduced rate of good conduct credit, 4.5 days of good conduct credit per month served, apply to an aggravated kidnapping sentence when the trial judge did not make a finding that the conduct resulted in great bodily harm to the victim?

---

[1] Subdivision (a)(2)(i) provides that a prisoner shall receive no good conduct credit while serving a sentence for first degree murder or the offense of terrorism.

**IV.    The plain language of subsection (a)(2)(ii) of the Illinois Rules and Regulations for Early Release does not require a finding that Petitioner's aggravated kidnapping offense resulted in great bodily harm to a victim for the reduced rate of good conduct credit to apply.**

As the name of the statute would imply, the Illinois Rules and Regulations for Early Release govern any question regarding a prisoner's claim to early release from the IDOC. 730 ILCS 5/3-6-3. Thus, in resolving Petitioner's claim, the first place this Court looks for an answer is the text of that statute. *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 730 (7th Cir. 2005). Aggravated kidnapping is among the offenses enumerated in subsection (a)(2)(ii). The plain language of that subsection states, without exception, that a prisoner serving a sentence for aggravated kidnapping shall receive no more than 4.5 days of good conduct credit for each month of his sentence.

Petitioner nevertheless argues that because aggravated kidnapping is included within subsection (c-1) of the sentencing statute, the reduced rate of good conduct credit cannot apply absent a finding that his conduct resulted in great bodily harm to a victim. Although true that subsection (c-1) of the sentencing statute requires the trial judge to make a finding as to whether Petitioner's conduct resulted in great bodily harm to a victim, subsection (c-1) does not itself attach any legal consequence to this finding. Instead, it is only by its incorporation in the Illinois Rules and Regulations for Early Release that the finding gains substance. And while subsection (a)(2)(iii) provides that the reduced rate of 4.5 days per month of good conduct credit applies to its enumerated offenses only when the trial judge made a finding of great bodily harm at sentencing,[2] subsection (a)(2)(ii) covering aggravated kidnapping contains no similar exception.

---

[2] The State awarded day for day good conduct credits on Petitioner's home invasion and armed robbery sentences under subsection (a)(2)(iii), presumably because the trial judge did not enter a finding of great bodily harm to the victim.

Admittedly, it is odd that aggravated kidnapping is the only crime listed in subsection (c-1) of the sentencing statute that is not likewise included in subsection (a)(2)(iii) of the Illinois Rules and Regulations for Early Release. For what purpose or reason aggravated kidnapping was included in subsection (c-1), yet excluded from subsection (a)(2)(iii), neither the statutes nor Illinois case law explain. But that seems to have been the choice, or oversight, of the Illinois legislature and the misfortune of Petitioner. Regardless of any incongruity, the Court cannot ignore the controlling language of the Illinois Rules and Regulations for Early Release.

Pursuant to the unambiguous language of 730 ILCS 5/3-6-3(a)(2)(ii), Petitioner can receive no more than 4.5 days of good conduct credit for each month of his aggravated kidnapping sentence. Thus, the IDOC calculated correctly Petitioner's good conduct credit on his sentence for aggravated kidnapping under subsection (a)(2)(ii) and his eligible release date. Therefore, his Petition for Writ of Habeas Corpus is denied.

So ordered.

_____
Virginia M. Kendall
United States District Judge
Northern District of Illinois

Date: February 28, 2006